IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| **WALKER MACHINE TOOL** | ) | |
| **SOLUTIONS, INC.,** | ) | Case No. 19-04553 |
| | ) | |
| **Debtor.** | ) | |

**DCR MORTGAGE PARTNERS IX, LP'S OBJECTION TO
DEBTOR'S MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION**

DCR Mortgage Partners IX, LP, successor-in-interest to Regions Bank ("DCR"), a creditor of Debtor Walker Machine Tool Solutions, Inc. (the "Debtor"), objects to the Debtor's Motion to Transfer Venue to the Northern District of Alabama, Northern Division, Pursuant to 28 U.S.C. § 1412 (the "Transfer Motion"), as follows:

Introduction

Debtor filed the Transfer Motion seeking to transfer this bankruptcy case from the Northern District of Alabama, Southern Division, to the Northern District of Alabama, Northern Division. Even though DCR is the sole secured creditor of the Debtor, and DCR's collateral encompasses nearly all assets of the Debtor (and such assets are located in Jefferson County, Alabama – in the Southern Division), the Debtor asserts that this case should be transferred to the Northern Division because the Debtor's counsel is located in Madison County, Alabama and Debtor's principals and records are maintained in Morgan County, Alabama. (*See* Doc. 11 at pp. 2-3). Despite Debtor's contention within the Transfer Motion, transfer of venue to the Northern District of Alabama, Northern Division, will prejudice DCR.

Procedural History & Factual Background

1. Debtor filed its Chapter 11 Voluntary Petition in the United States Bankruptcy Court for the Northern District of Alabama, *Southern Division*, on November 5, 2019 (the "Petition Date").

2. According to Debtor's petition, the Debtor's principal assets are located at the following Jefferson County address (DCR holds a security interest and lien on the following real estate): 4615 Main Street, Adamsville, Jefferson County, Alabama 35005. (Doc. 1 at p. 1).

3. Furthermore, the Debtor's petition indicates that its principal place of business is in Birmingham, Jefferson County, Alabama (within the Southern Division). (*See* Doc. 1 at p. 1).

4. Counsel for DCR entered their notices of appearance on November 6, 2019. (Docs. 9-10).

5. The Transfer Motion was filed November 7, 2019. (Doc. 11).

6. The Transfer Motion was subsequently set for hearing on November 20, 2019. (Doc. 13).

7. The Debtor moved to continue the hearing on the Transfer Motion on November 12, 2019. (Doc. 19).

Argument

8. The Transfer Motion is due to be denied; indeed, all the Debtor's principal assets are located in Jefferson County (within the Southern Division). (Doc. 1 at p. 1).

9. Furthermore, the several real properties owned by the Debtor, one of which houses all of Debtor's principal personal property assets, are located in Jefferson County (within the Southern Division). (Doc. 1 at pp. 1, 12).

10. Within the Transfer Motion, Debtor asserts that, "transfer of venue of this chapter 11 case is in the best interest of the Debtor's creditors," and that transfer of venue to the Northern Division "optimally suits the persons best situated to value Debtor's principal assets . . . and to protect its interest in the event of Debtor's liquidation." (Doc. 2 at p. 2).

11. Debtor further states within the Transfer Motion that, "the only basis for divisional venue in the Northern District of Alabama, Southern Division[,] could be Debtor's business location in Birmingham, Alabama." (Doc. 11 at ¶ 10).

12. Debtor states in its Transfer Motion that, "the Debtor's principal place of business is in Jefferson County, Alabama," and also that "Debtor filed this case in the Northern District of Alabama, Sothern Division," and then goes on to state that the Debtor's principals, records and attorney are located within the Northern District of Alabama, Northern Division (not the Southern Division where Debtor admittedly filed its petition). (Doc. 11 at ¶¶ 11-16).

**Transfer of this case to the Northern Division will prejudice Debtor's creditors and will only serve to convenience the Debtor's attorney.**

13. Without citing any caselaw, the Debtor asserts that because the Debtor's business is allegedly no longer in operation (however, the Alabama Secretary of State indicates that the Debtor is still a valid, currently-existing entity in Alabama), and because various records of the Debtor and the Debtor's attorney and principals are located and/or reside in the Northern District of Alabama, Northern Division, that transfer of venue to the Northern District of Alabama, Northern Division, is proper.

14. DCR, the Debtor's largest and only secured creditor, does not consent to transfer of venue to the Northern District of Alabama, Northern Division, as DCR asserts that the balance

3

of equities weighs in favor of this case remaining in the Northern District of Alabama, Southern Division.

15. As one Bankruptcy Court has explained, a debtor seeking to transfer venue post-petition is subject to examination of the impact on the debtor's creditors:

> The only circumstances in which a court has allowed a *debtor* to seek a change of venue postpetition is when the debtor has moved *and* a change of venue would be convenient to the creditors and would promote the interest of justice.

*In re Moss*, 249 B.R. 200, 203 (Bankr. W.D. Mo. 2000) (emphasis in original) (citing *In re Bent, III*, 93 B.R. 329, 331-32 (Bankr. D. Vt. 1988)).

16. Here, a change in venue would not be convenient for Debtor's creditors, which is a requirement for the Debtor to transfer venue of this case to the Northern Division. Debtor's creditors, according to the Debtor's petition, consist of DCR, the Alabama Department of Revenue (located in Montgomery, Alabama) and American Express (located in Dallas, Texas). Further, it is undisputed that DCR is the Debtor's largest creditor with an interest in the many assets and several parcels of real estate located in Jefferson County, Alabama (located in the Southern Division).

17. Further, DCR asserts that Debtor has waived its rights to assert impropriety of venue by <u>Debtor's voluntary filing</u> of this case in the Northern District of Alabama, <u>Southern Division</u>. *See In re Fishman*, 205 B.R. 147, 148 (Bankr. E.D. Ark. 1997) ("By filing . . . bankruptcy in this district, the debtor waived any right to assert the impropriety of venue.").

18. Accordingly, the Debtor's Transfer Motion is due to be denied.

4

### Justice and Convenience of the Parties Will Not be Served if Venue of This Case is Transferred to the Northern District of Alabama, Northern Division.

19. In conclusory manner, Debtor states that, "[t]he Northern District of Alabama, Northern Division is much more convenient for all interested parties." (Doc. 11 at p. 3). This is simply not true.

20. In determining whether transfer of venue in a bankruptcy case is appropriate, courts traditionally analyze the following factors: (i) proximity of the creditors to the court; (ii) proximity of the debtor; (iii) proximity of witnesses necessary to the administration of the estate; (iv) location of assets; (v) economic administration of the estate; and (vi) necessity for ancillary administrator administration if liquidation results. *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980).

21. In analyzing the first factor set forth above, the proximity of creditors to the court, this factor weighs heavily in favor of denying the Transfer Motion. That is, DCR's attorneys (DCR being Debtor's largest and only secured creditor) are located in the Northern District of Alabama, Southern Division, which is the Division in which Debtor voluntarily instituted this bankruptcy case.

22. The second factor set forth above, the proximity of the debtor to the court, also weighs in favor of denial of the Transfer Motion. Pursuant to the Alabama Secretary of State, the Debtor is still an active entity and, as set forth in the Debtor's petition, operates out of two locations (both of which are located in the Jefferson County, Alabama within the Northern District of Alabama, Southern Division). (*See* Doc. 1 at p. 12).

5

23. The third factor set forth above, proximity of witnesses necessary to the administration of the estate, does not appear to weigh in favor of the Debtor or the Debtor's creditors.

24. The fourth factor discussed above, the location of the Debtor's assets, most certainly weighs in favor of denying the Transfer Motion. According to the Debtor's own petition, all the Debtor's principal assets are located in Jefferson County, Alabama (within the Northern District of Alabama, Southern Division). (Doc. 1 at p. 1). Conveniently, while the Debtor mentions that its principals and records are located outside of the Southern Division, the Debtor makes no mention of the location of all its principal assets within the Transfer Motion (perhaps because they are located within the Northern District of Alabama, Southern Division). (*See generally* Doc. 11).

25. The fifth factor to be considered in determining whether transfer of venue is proper, whether transfer of venue will further economic administration of the estate, also weighs in favor of denying the Transfer Motion. All the Debtor's real and personal property are located in the Northern District of Alabama, Southern Division; accordingly, administration of the estate in the Northern District of Alabama, Southern Division, would likely be more economical compared to administration of the Debtor's estate in a venue with no connection to Debtor other than the fact that Debtor's principals and attorney happen to reside there.

26. Finally, the sixth factor, whether ancillary proceedings will be necessary in the event of liquidation, also weighs in favor of denial of the Transfer Motion. Assuming Debtor's contention within the Transfer Motion regarding ceasing operations is true (Doc. 11 at ¶ 12), it seems highly probable that Debtor will liquidate some or all its assets for the benefit of its

creditors. As stated repeatedly herein, all Debtor's assets are located within the Northern District of Alabama, Southern Division; accordingly, should the Debtor commence liquidation proceedings they will in all likelihood occur in the Southern Division and not the Northern Division.

27. Because the balance of equities and the above-listed factors weigh in favor of denial of the Transfer Motion, the Transfer Motion should be denied.

**WHEREFORE**, DCR respectfully requests that this Court deny the Transfer Motion filed by the Debtor (Doc. 11) and grant such other and further relief to which DCR may be entitled under the circumstances.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ *Samuel C. Pierce*
ERIC L. PRUITT
SAMUEL C. PIERCE
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Telephone: 205.244.3832
Fax: 205.488.3832
scpierce@bakerdonelson.com
**Attorneys for DCR**

7

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing has been served on the parties below via U.S. Mail, postage prepaid.

Walker Machine Tool Solutions, Inc.
P.O. Box 339
Trinity, Alabama 35673
**Debtor**

Stuart M. Maples, Esq.
Maples Law Firm, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
**Attorney for Debtor**

        /s/ *Samuel C. Pierce*
        OF COUNSEL

8